UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | 3:08-CR-00041-LRH-RAM |
| v. | ) | ORDER |
| JOSE MARIA FIGUEROA-AVILA, | ) | |
| Defendant. | ) | |

Before the court is Defendant Jose Maria Figueroa-Avila's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence (#154[1]). Defendant filed a supporting memorandum (#157), the United States filed an opposition (#161), and Defendant filed a reply (#165).

**I.  Procedural History**

On August 20, 2008, Defendant was charged in four counts of a six-count indictment (#94). On November 5, 2008, pursuant to a plea agreement with the government executed the day before (#117), Defendant pleaded guilty to Count 6 (#116). Count 6 charged Defendant with conspiracy to distribute heroin, cocaine, and methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), (b)(1)(B), and 846. On February 9, 2009, this court sentenced Defendant to the statutory minimum 120 months imprisonment (#129). Judgment was entered on February 13, 2009 (#130),

---

[1]Refers to the court's docket entry number.

followed by an Amended Judgment entered on February 24, 2009 (#132).  Defendant did not file an appeal.  On November 30, 2009, Defendant, acting pro se, filed the instant motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence (#154).

**II.    Discussion**

Pursuant to § 2255, a prisoner may move the court to vacate, set aside, or correct a sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  28 U.S.C. § 2255(a).  The prisoner is entitled to a hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  *Id.* § 2255(b).

**A.  Ineffective Assistance of Counsel at Sentencing**

Defendant claims his attorney rendered ineffective assistance at sentencing in three respects.  First, Defendant claims his attorney was ineffective for failing to collaterally attack or move to vacate his prior California state conviction on the basis that he had not been advised of the immigration consequences of his guilty plea.  To the contrary, "there is no constitutional right to collaterally attack the validity of a state conviction in a federal sentencing hearing on any basis other than denial of the right to counsel."  *Clawson v. United States*, 52 F.3d 806, 807 (9th Cir. 1995) (following *Custis v. United States*, 511 U.S. 485, 496 (1994) (declining to permit an ineffective assistance of counsel challenge to a prior conviction during a federal sentencing hearing)).  Because Defendant had no right to challenge his prior conviction at sentencing, he cannot show deficient performance or prejudice to support an ineffective assistance claim.  *United States v. Ricardo*, 78 F.3d 1411, 1418 (9th Cir. 1996).

Second, Defendant claims his attorney was ineffective for failing to move for a three-level adjustment for acceptance of responsibility, as provided in the plea agreement.  To the contrary, the

2

1  three-level reduction for acceptance of responsibility was included in the presentence investigation
2  report's calculation of Defendant's offense level, which defense counsel noted at sentencing, and
3  which the court accepted.  Furthermore, Defendant cannot show prejudice as this court ultimately
4  imposed the statutory minimum sentence of 120 months, well above the otherwise-applicable
5  guideline range calculated with such adjustments.

6  Third, Defendant claims his attorney was ineffective in failing to move for safety-valve
7  relief from the statutory minimum under U.S.S.G. § 5C1.2.  Defendant was ineligible for such
8  relief, however, due in part to the existence of his prior California state conviction.  *See* 18 U.S.C.
9  § 3553(f) (requiring, among other things, that the defendant does not have more than 1 criminal
10 history point).  Defendant is therefore unable to establish deficient performance or prejudice.

11 **B.  Government's Breach of the Plea Agreement**

12 Defendant also claims that the government breached the plea agreement by failing to
13 request a three-level adjustment for acceptance of responsibility, as provided in the plea agreement.
14 As established above, however, the three-level reduction for acceptance of responsibility was
15 included in the presentence investigation report's calculation of Defendant's offense level and
16 accepted by the court.  Furthermore, the court ultimately imposed the statutory minimum sentence
17 of 120 months, rendering such adjustments moot.

18 **C.  Withdrawal of Plea**

19 Defendant claims for the first time in his reply brief that he should be permitted to withdraw
20 his guilty plea on the ground that his attorney erroneously informed him that he would receive a
21 sentence of between 51 to 71 months imprisonment and that the court would not take into account
22 his prior California state conviction at sentencing.  Because this claim was not raised in
23 Defendant's motion or his supporting memorandum of points and authorities, the court will not
24 consider it.  *See United States v. Berry*, 624 F.3d 1031, 1039 n.7 (9th Cir. 2010).
25 ////
26

### III.  Conclusion

For the foregoing reasons, the court finds that Defendant has failed to establish that he received ineffective assistance of counsel at sentencing or that the government violated his plea agreement.

IT IS THEREFORE ORDERED that Defendant's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence (#154) is DENIED.

IT IS FURTHER ORDERED that Defendant's motion to compel counsel to turn over case file/record and sentencing transcripts to assist in preparation of his memorandum of points and authorities (#156) is DENIED as moot.

IT IS SO ORDERED.

DATED this 12th day of May, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE